■ GERARD ROTHBART, Appellant, v. GLORIA ROTHBART, Respondent.—Plaintiff husband appeals from so much of a judgment of the Supreme Court, Queens County, dated July 5, 1967, which granted defendant wife a separation upon her counterclaim, after a nonjury trial, as (1) directs plaintiff to pay defendant (a) $400 a week for support of defendant and the two infant children of the marriage, retroactively as of October 5, 1966, the date of commencement of the action, (b) $7,478.17 for repayment to her brother for his advances of that sum for necessaries and (c) $6,000 as counsel fees and (2) permits defendant to apply for an increase of the support award if and when she finds plaintiff earning in excess of $41,600 a year. Judgment modified, on the law and the facts and in the exercise of discretion, by reducing the support award to $250 a week and by striking out the provisions for payment of $7,478.17 and permitting application for increase of the support award. As so modified, judgment affirmed insofar as appealed from, without costs. The following findings are made: Plaintiff has conveyed to defendant his half of the marital home and its furnishings and has made her irrevocable beneficiary of life insurance which has a cash surrender value of about $15,000. He has a frozen asset of 15% of the capital stock of his employer, having a paper worth of $85,000, and the employer owes him a net amount of approximately $4,000, which is also presently unavailable. His gross salary is $800 a week. He has no fringe benefits other than a $1,000 group life insurance policy. Prior to 1965 and in 1957 and 1958 his gross commissions, out of which he paid two or three salesmen, were $70,000 a year; this was sharply reduced thereafter to the fixation of salary in 1965. The net salary, by reason chiefly of tax deductions, averages about $550 a week. Successive garnishees have resulted in lessening that take-home pay. Judgments are outstanding against him in the sum of $5,500. Other indebtedness totals $2,400. Arrears of State income tax for 1964 and 1965 amount to approximately $2,000. With respect to Federal income tax, on August 20, 1965 $2,297.62 was assessed as due for 1964, which was being paid off at the rate of $200 a week; and $9,000 was assessed for 1965, which is being paid off, pursuant to agreement, at the rate of $225 a week commencing July 21, 1967. It was stipulated at the trial that defendant received from plaintiff for maintenance between January, 1966 and the trial in June, 1967 a total of $19,179. Findings inconsistent with the foregoing findings are reversed. The facts do not warrant alimony in excess of $250 a week. Defendant's claim for $7,478 for payment of advances by her brother for necessaries for about a year, commencing May, 1966, is disallowed because of her lack of need. The provision for defendant's application for increased support serves no good purpose, since an application for modification of the provisions of a judgment fixing support payments may be made by either party at any time by law (Domestic Relations Law, § 236). Christ, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.